

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 15, 1972

Honorable C. J. Eden
County Attorney
Stephens County
110 East Walker
Breckenridge, Texas   76024

Opinion No. M- 1218

Re: Authority of the Com-
missioners Court to
grant a permit to a
corporation for use
of right-of-ways of
county roads for
locating pipeline for
transmission of water
in connection with
water flood operation
in oil production.

Dear Mr. Eden:

We have received your recent request, accompanied
by your able brief, for an opinion of this department on the
following question:

"Whether or not the Commissioners Court of
Stephens County or a Commissioner of said county
has the authority to grant a permit or license
to give consent for a Texas corporation, quali-
fied as a public utility, to lay pipeline along
the right-of-way of a county road for the trans-
mission of water to a second corporation, an oil
producing corporation, for use in water-flood
operations in connection with the production of
oil."

Your letter which accompanied your request indicates
that the applicant is "Gra-Pet Gas Company, a Texas corpora-
tion, which corporation is classified as a public utility. . . ."

An examination of the Articles of Incorporation of
the Gra-Pet Gas Company leaves considerable doubt in our mind

Hon. C. J. Eden, page 2, (M-1218)


as to whether the purpose clause gives the corporation the authority to buy and sell water. Nor do we find in the articles any provision which would classify the corporation as a public utility in connection with the sale of water.

We are of the opinion that absent an amendment to the articles to remedy the above stated deficiencies, the Commissioners Court has no power to grant the permit, nor does the corporation have the right to lay the lines.

We are of the opinion, however, that a Texas corporation with authority to sell and transport water as a public utility would have the right under Article 1433, Vernon's Civil Statutes, so far as the county is concerned, to lay its lines along the right of way of a county road.

Article 1433 reads as follows:

"Any water corporation shall have the power to sell and furnish such quantities of water as may be required by the city, town or village where located for public or private buildings or for other purposes; and such corporation shall have the power to lay pipes, mains and conductors for conducting water through the streets, alleys, lanes and squares of any such city, town or village, with the consent of the governing body thereof, and under such regulations as it may prescribe. Such corporation is further authorized to lay its pipes, mains and conductors and other fixtures for conducting water through, under, along, across and over all public roads, streets and waters lying and situated outside the territorial limits of any such city, town, or village in such manner as not to incommode the public in the use of such roads, streets and waters. Any such corporation shall notify the State Highway Commission, or the Commissioners Court having jurisdiction, as the case may be,

when it proposed to build lines along the right
of way of any State Highway, or county road,
outside the limits of any incorporated city or
town, whereupon the Highway Commission, or the
Commissioners Court may, if it so desires,
designate the place along the right of way
where such lines shall be constructed.  The
public agency having jurisdiction or control
of a highway or county road, that is, the
Highway Commission or the Commissioners Court,
as the case may be, may require any such cor-
poration, at its own expense, to relocate its
lines on a State Highway or county road outside
the limits of an incorporated city or town, so
as to permit the widening or changing of traffic
lanes, by giving thirty (30) days written notice
to such corporation and specifying the line or
lines to be moved, and indicating the place on
the new right of way were such line or lines
may be placed.  When deemed necessary to pre-
serve the public health, any company or corpora-
tion chartered under the laws of this State for
the purpose of constructing waterworks or fur-
nishing water supply to any city or town, shall
have the right of eminent domain to condemn
private property necessary for the construction
of supply reservoirs or standpipes for water
work.  Acts 1874, p. 134; G.L. Vol. 8, p. 136;
Acts 1909, p. 8; Acts 1949, 51st Leg., p. 1370,
ch. 622, § 1."  (Emphasis added.)

Attorney General's Opinion No. M-508 (1969) includes
the following pertinent language:

"It has been recognized further that it is
in the public interest to receive utility services;
therefore, public utilities are authorized to use
the streets and highways.  State v. City of Austin
(State v. City of Dallas), 160 Tex. 348, 331 S.W.2d
737 (1960).

"The Legislature acting for the State has
primary and plenary power to control public roads
and streets.  Recognizing this proposition, the
Court in State v. City of Dallas (State v. City
of Austin), 319 S.W.2d 767 (Tex.Civ.App. 1959,
aff. 331 S.W.2d 737) said at page 773:

'There can be no question but that the
Legislature can lawfully permit cities and
private corporations to place facilities
in streets and highways to provide essential
utility service for the public, . . .'

"The Legislature has seen fit to grant direct
statutory authorization to public utilities to
use public roads and highways.  Some such authority
is found in Articles 1416, 1433, 1436a and 1436b,
Vernon's Civil Statutes.  It would therefore appear
that Article 6203d, Vernon's Civil Statutes, would
be rendered inapplicable to the question presented,
since no additional grant of an easement would be
necessary in order to entitle public utilities to
take advantage of the right-of-way of existing
public roadways.  Accordingly, the Texas Board of
Corrections would not be obligated to collect, nor
public utilities required to pay, for placing lines
in, on, along or across existing public roadways
traversing State land under the custody and control
of the Texas Department of Corrections."  (Emphasis
added.)

In view of all of the foregoing, a Texas water
corporation, qualified as a public utility, has the right to
lay its pipes along the right of way of county roads pursuant
to Article 1433.

Note that we have held that under certain facts, the
corporation has the right to lay its lines.  This is under
authority of the Legislature as expressed in Article 1433 and

is not pursuant to any permit issued by the county.  Indeed, the statute does not provide for a permit except as to <u>where</u> on the right of way the pipes shall be laid.

We make the above statement for the reason that the question has been raised of claims that the abutting land owners might have against the county where the county right of way has been obtained by prescription.  As we interpret Article 1433, the county is not a party to any action taken by the corporation.  Such action is under authority of a legislative enactment, and the doctrine of sovereign immunity protects the State from suit.

With reference to the right under a State statute of the utility to lay its lines, see <u>Heldt v. Southwestern Bell Telephone Co.</u>, 482 S.W.2d 352, 356 (Tex.Civ.App. 1972) where the Court wrote, in what we consider a valid analogy:

> "Appellee, under the authority of Article 1464, V.A.C.S., is authorized to erect its poles, wires and other fixtures along, upon and across any public roads, streets and waters of Texas, subject only to the restriction that same must be done in a manner as not to incommode the public in the use of such roads, streets, and waters. This is a <u>right</u> granted by the State which cannot be denied by a municipality or city. . . ."
> (Emphasis added.)

## S U M M A R Y

A Texas corporation, provided it is qualified as a water corporation and as a public utility, has the right under Article 1433, Vernon's Civil Statutes, to lay its pipes along the right of way of county roads, subject to the conditions set out in said Article.

Hon. C. J. Eden, page 6, (M-1218)

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Pat Bailey
Jack Sparks
Charles Lind
Scott Garrison

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant